FILED

OCT 3 1 2007   NH

OCT. 31, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

**UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAKESHA WALKER                )<br><br>         Plaintiff,          )<br><br>    vs.                        )<br><br>CITY OF CHICAGO, ILLINOIS       )<br>and CHICAGO POLICE OFFICER     )<br>B. M. USTASZEWSKI, Star No.     )<br>9613, and CHICAGO POLICE        )<br>OFFICER J. C. CLOHERTY,         )<br>Star No. 7468,                  )<br><br>         Defendants.           ) | 07CV 6146<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE COLE<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Now comes Plaintiff, LAKESHA WALKER, ("Plaintiff"), by and through one of her attorneys, Jeffrey B. Granich, and makes the following complaint against Defendant CITY OF CHICAGO ("Defendant City") and CHICAGO POLICE OFFICERS B. M. USTASZEWSKI, Star No. 9613, and J. C. CLOHERTY, Star No. 7468, and states as follows:

### JURISDICTION and VENUE

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3.  Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4.  At all times relevant hereto, Plaintiff Lakesha Walker was an adult, African-American female resident of Chicago, Illinois.

5.     Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under color of law.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

7.     On or about the evening of October 31, 2006, Plaintiff was lawfully operating her vehicle near the address of 1205 N. Mason Ave. in Chicago, Cook County, Illinois.

8.     For some time before she stopped her vehicle near this address, Defendant Officers had been following her vehicle in a very close manner in their police vehicle.

9.     At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

10.     Plaintiff stopped her vehicle due to the police vehicle following behind her for some length of time.

11.     At this time one or more of the Defendant Officers asked Lakesha Walker to produce her driver's license and insurance, to which she lawfully complied.

12.     At this time, Defendant Officers did not have a search or an arrest warrant for Plaintiff, and did not have probable cause to believe that Plaintiff had committed a crime.

13.     One or more of the Defendant Officers then ordered Plaintiff to exit her vehicle and immediately threw her body against the police vehicle in an overly aggressive and violent manner.

14.     One or more of the Defendant Officers then placed Plaintiff in handcuffs, placed her into the back of the police vehicle and transported her to the 25th District Chicago Police Station where she was falsely charged with unlawful use of a weapon in violation of 720 ILCS 5.0/24-1.6-A-1 and 720 ILCS 5.0/24-1.6-A-3-C.

15.     These false charges were dismissed by a finding of not guilty at a trial on this matter before a Cook County Judge.

## Count I – 42 U.S.C. § 1983 False Arrest

16.    Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

17.    On October 31, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

18.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

19.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

20.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.  As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which

Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

21.  The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Unlawful Search

22.  Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

23.  Defendant Officers searched Plaintiff's person and vehicle without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

24.  The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

4

25.   The misconduct described in this Count was undertaken pursuant to the policy
and practice of the Chicago Police Department in that:

a.   As a matter of both policy and practice, the Chicago Police Department
directly encourages the type of misconduct at issue here by failing to
adequately train, supervise and control its officers, and its failure to do so
constitutes deliberate indifference;

b.   As a matter of both policy and practice, the Chicago Police Department
facilitates the type of misconduct at issue here by failing to adequately
punish and discipline prior instances of similar misconduct, thereby
leading Chicago Police Officers to believe their actions will never be
scrutinized and, in that way, directly encourages future abuses such as
those affecting Plaintiff; specifically, Chicago Police officers accused of
misconduct are aware that the Office of Professional Standards will not
fully investigate these accusations and will almost always refuse to
recommend discipline even where the officer has engaged in wrongdoing;

c.   As a matter of widespread practice so prevalent as to comprise municipal
policy, Officers of the Chicago Police Department abuse citizens in a
manner similar to that alleged by Plaintiff in this Count on a frequent
basis, yet the Chicago Police Department makes findings of wrongdoing
in a disproportionately small number of cases;

d.   Municipal policy-makers are aware of, and condone and facilitate by their
inaction, a "code of silence" in the Chicago Police Department, by which
Officers fail to report misconduct committed by other Officers, such as the
misconduct at issue in this case;

e.   The City of Chicago has failed to act to remedy the patterns of abuse
described in the preceding sub-paragraphs, despite actual knowledge of
the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any
records which are more than five years old documenting allegations of
misconduct against police officers, thereby preventing the City from
ascertaining any patterns of abuse which might develop over the course of
a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into
consideration patterns of allegations of civil rights violations when
evaluating the merits of any particular complaint.  Regardless, the number
of times an Officer is accused of the same misconduct, the Officer of
Professional Standards is forbidden by the City from considering those
allegations if they are deemed "unsustained"; and,

    h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

26. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III - 42 U.S.C. § 1983 Conspiracy

27. Plaintiff re-alleges paragraph 1 through 15 as if fully repleaded herein.

28. Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

29. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of her right of due process, as guaranteed by the constitution.

30. Additionally, said conspiracy and joint action violated Plaintiff's 4th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

31. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

32. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their

actions will never be scrutinized and, in that way, directly encourages
future abuses such as those affecting Plaintiff; specifically, Chicago
Police officers accused of misconduct are aware that the Office of
Professional Standards will not fully investigate these accusations and
will almost always refuse to recommend discipline even where the
officer has engaged in wrongdoing;

c.  As a matter of widespread practice so prevalent as to comprise
municipal policy, Officers of the Chicago Police Department abuse
citizens in a manner similar to that alleged by Plaintiff in this Count on
a frequent basis, yet the Chicago Police Department makes findings of
wrongdoing in a disproportionately small number of cases;

d.  Municipal policy-makers are aware of, and condone and facilitate by
their inaction, a "code of silence" in the Chicago Police Department,
by which Officers fail to report misconduct committed by other
Officers, such as the misconduct at issue in this case;

e.  The City of Chicago has failed to act to remedy the patterns of abuse
described in the preceding sub-paragraphs, despite actual knowledge
of the same, thereby causing the types of injuries alleged here;

f.  As a matter of express policy, the City of Chicago does not retain any
records which are more than five years old documenting allegations of
misconduct against police officers, thereby preventing the City from
ascertaining any patterns of abuse which might develop over the
course of a Police Officer's career;

g.  As a matter of express policy, the City of Chicago refuses to take into
consideration patterns of allegations of civil rights violations when
evaluating the merits of any particular complaint. Regardless, the
number of times an Officer is accused of the same misconduct, the
Officer of Professional Standards is forbidden by the City from
considering those allegations if they are deemed "unsustained"; and,

h.  The problem with the policy identified in the preceding paragraph is
that by its own accounting, the City sustains less than 5% of the
complaints brought against Police Officers for violations of civil
rights.

33.  This course of conduct by Defendants was done willfully, maliciously,
intentionally, or with reckless disregard and gross negligence, and directly
and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just
amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks a

substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV—Malicious Prosecution

34.     Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

35.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for unlawful use of a weapon.

36.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

37.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

38.     On June 11, 2007 Plaintiff's case was dismissed by a Cook County Judge for a finding of not guilty.

39.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count V – False Imprisonment

40.     Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

41.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

42.     On October 31, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

43.     Defendant Officers and Defendant City unlawfully seized, detained, and

wrongfully searched Plaintiff without any legal right to do so.

44.    The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VI – Intentional Infliction of Emotional Distress

45.    Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

46.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

47.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

48.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VII –State Law Claims Against Defendant City
### Respondeat Superior and Indemnification

49.    Plaintiff re-alleges paragraphs 1 through 15 as if fully re-pleaded herein.

50.    Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

51.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate her for the injuries she suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

LAKESHA WALKER,
Plaintiff,

By: _____
Jeffrey B. Granich
Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030