UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKESHA WALKER

Plaintiff,

vs.

CITY OF CHICAGO, ILLINOIS and
CHICAGO POLICE OFFICER B.
M. USTASZEWSKI, Star No.
9613, and CHICAGO POLICE
OFFICER J. C. CLOHERTY, Star
No. 7468,

Defendants.

No. 07 C 6146

Judge Guzman

Magistrate Judge Cole

## ANSWER TO PLAINTIFF'S COMPLAINT

Now come Defendants CHICAGO POLICE OFFICERS B. M. USTASZEWSKI, Star No. 9613, and J. C. CLOHERTY, Star No. 7468, and the CITY OF CHICAGO states as follows:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff s rights as secured by the United States Constitution.

Answer: Defendants admit the allegations of paragraph one.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331, 1343 and 1367.

Answer: Defendants admit the allegations of paragraph two.

3. Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district..

Answer: Defendants admit the allegations of paragraph three.

.
### PARTIES

4. At all times relevant hereto, Plaintiff Lakesha Walker was an adult, African female resident of Chicago, Illinois.

Answer: Defendants admit the allegations of paragraph four.

5. Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under color of law.

Answer: Defendants admit the allegations of paragraph five.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

Answer: Defendants admit the allegations of paragraph six.

## FACTUAL ALLEGATIONS

7. On or about the evening of October 31, 2006, Plaintiff was lawfully operating her vehicle near the address of 1205 N. Mason Ave. in Chicago, Cook County, Illinois.

Answer: Defendants deny the allegations of paragraph seven.

8. For some time before she stopped her vehicle near this address, Defendant Officers had been following her vehicle in a very close manner in their police vehicle.

Answer: Defendants deny following the plaintiff's vehicle in a very close manner.

9. At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

Answer: Defendants deny the allegations of paragraph nine.

10. Plaintiff stopped her vehicle due to the police vehicle following behind her for some length of time.

Answer: Defendants are without knowledge or belief sufficient to form a belief as to the truth of the allegations of paragraph ten.

11. At this time one or more of the Defendant Officers asked Lakesha Walker to produce her driver's license and insurance, to which she lawfully complied.

Answer: Defendants deny the allegations of paragraph eleven.

12. At this time, Defendant Officers did not have a search or an arrest warrant for Plaintiff, and did not have probable cause to believe that Plaintiff had committed a crime.

Answer: Defendants deny the allegations of paragraph twelve.

13. One or more of the Defendant Officers then ordered Plaintiff to exit her vehicle and immediately threw her body against the police vehicle in an overly aggressive and violent manner.

Answer: Defendants deny the allegations of paragraph thirteen.

14. One or more of the Defendant Officers then placed Plaintiff in handcuffs, placed her into the back of the police vehicle and transported her to the 25th District Chicago Police Station where she was falsely charged with unlawful use of a weapon in violation of 720 ILCS 5.0/24-1.6-A-1 and 720 ILCS 5.0/24-1.6-A-3-C.

Answer: Defendants admit placing plaintiff in handcuffs and transporting her to the police station but deny falsely charging plaintiff with unlawful use of a weapon.

15. These false charges were dismissed by a finding of not guilty at a trial on this matter before a Cook County Judge.

Answer: Defendants admit the case was dismissed but deny a verdict of not guilty for plaintiff.

## Count 1-42 U.S.C. $ 1983 False Arrest

16. Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

Answer: Defendants re assert their answers to paragraphs 1 through 15 as their answer to paragraph 16 as though fully set forth herein.

17. On October 31, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of the Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

Answer: Defendants deny the allegations of paragraph seventeen.

18. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

Answer: Defendants deny the allegations of paragraph eighteen.

19. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

Answer: Defendants deny the allegations of paragraph nineteen.

20. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of

       a Police Officer's career;

  g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

Answer: Defendants deny the allegations of paragraph twenty, subsections a through g inclusively.

21. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiffs constitutional rights and would cause harm to the Plaintiff.

Answer: Defendants deny the allegations of paragraph twenty one.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### Count II - 42 U.S.C. $ 1983 Unlawful Search

22. Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

Answer: Defendants re assert their answer to paragraphs 1 through 15 as their answer to paragraph 22 as though fully set forth herein.

23. Defendant Officers searched Plaintiffs person and vehicle without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

Answer:    Defendants deny the allegations of paragraph twenty three.

24. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

Answer:    Defendants deny the allegations of paragraph twenty four.

25. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

Answer: Defendants deny the allegations of paragraph twenty five subsections a through h inclusively.

26. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches.

Answer:       Defendants deny the allegations of paragraph twenty six.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### Count III - 42 U.S.C. S 1983 Conspiracy

27.  Plaintiff re-alleges paragraph 1 through 15 as if fully repleaded herein.

Answer: Defendants re assert their answers to paragraphs 1 through 15 as their answer to paragraph twenty seven as though fully set forth herein.

28. Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

Answer:    Defendants deny the allegations of paragraph twenty eight.

29. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of her right of due process, as guaranteed by the constitution.

Answer:    Defendants deny the allegations of paragraph twenty nine.

30. Additionally, said conspiracy and joint action violated Plaintiffs 4th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

Answer:    Defendants deny the allegations of paragraph thirty.

31. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

Answer:    Defendants deny the allegations of paragraph thirty one.

32. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police

      Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

  c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

  e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

    Answer:    Defendants deny the allegations of paragraph thirty two sub sections a through h inclusively.

33.  This course of conduct by Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

    Answer: Defendants deny the allegations of paragraph thirty three.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### Count IV—Malicious Prosecution

34. Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

Answer: Defendants re assert their answers to paragraphs 1 through fifteen as their answer to paragraph thirty four as though fully set forth herein.

35. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for unlawful use of a weapon.

Answer: Defendants deny the allegations of paragraph thirty five.

36. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

Answer: Defendants deny the allegations of paragraph thirty six.

37. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

Answer: Defendants deny the allegations of paragraph thirty seven.

38. On June 11, 2007 Plaintiffs case was dismissed by a Cook County Judge for a finding of not guilty.

Answer: Defendants admit the case was dismissed but deny there was a finding of not guilty.

39. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

Answer: Defendants deny the allegations of paragraph thirty nine.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### Count V - False Imprisonment

Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

40. Answer: Defendants re assert their answers to paragraph 1 through 15 as their answer to paragraph 40 as though fully set forth herein.

41. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

Answer: Defendants admit the allegations of paragraph forty one.

42. On October 31, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

Answer: Defendants deny the allegations of paragraph forty two.

43. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

Answer: Defendants deny the allegations of paragraph forty three.

44. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiffs constitutional rights and would cause harm to the Plaintiff.

Answer: Defendants deny the allegations of paragraph forty four.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### Count VI - Intentional Infliction of Emotional Distress

45. Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

Answer: Defendants re assert their answers to paragraph 1 through 15 as their answer to paragraph forty five as though fully set forth herein.

46. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

Answer: Defendants admit the allegations of paragraph forty six.

47. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

Answer: Defendants deny the allegations of paragraph forty seven.

48. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

Answer: Defendants deny the allegations of paragraph forty eight.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### Count VII -State Law Claims Against Defendant City
*Resvondeat Superior* **and** Indemnification

49. Plaintiff re-alleges paragraphs 1 through 15 as if fully re-pleaded herein.

Answer: Defendants re assert their answers to paragraphs 1 through 15 as their answer to paragraph forty nine as though fully set forth herein.

50. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

Answer: Defendants deny committing any act which would give rise to liability to the plaintiff but admit if there is a finding in favor of the plaintiff, the Defendant City would responsible under respondeat superior.

51. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

Answer: Defendants deny committing any act which would give rise to liability to the plaintiff but admit if there is a finding in favor of the plaintiff, the Defendant City would responsible under respondeat superior.

WHEREFORE, Defendants pray for judgment against the Plaintiff and all such other relief as this Court finds just and equitable.

### AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting the Officers in this case during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. The Officers are therefore entitled to qualified immunity.

2. Defendant Police Officers are absolutely immune for any testimony they

may have given in plaintiff's underlying criminal case,

please see *Briscoe v. LaHue, 460 U.S. 325 (1983).*

3. In the instant case the Officers are entitled to the immunity of the "willful and wanton" standard pursuant to 745 ILCS 10/1-210 which states that "willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

4. In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

## JURY DEMAND

Officers Ustaszewski and Cloherty and the City of Chicago respectfully demand a trial by jury of this cause.

Respectfully submitted,

/s/ Tiffany Y. Harris

TIFFANY HARRIS
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-5890
(312) 744-6566 (Fax)
Atty. No. 06238533

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed **DEFENDANT OFFICERS' AND THE CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the attorneys of record in this case:

> Jeffrey B Granich
> Law Offices of Jeffrey B. Granich
> 53 West Jackson Boulevard
> Chicago IL 60604
> Counsel for the Plaintiff

/s/ Tiffany Y. Harris

Tiffany Y. Harris

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-5890
Atty. No. 6238533

Respectfully Submitted,

*/s/ Tiffany Y. Harris*

Tiffany Y. Harris
Individual Defense Litigation
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
312744 5890

6238533