**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|                                          |     |                        |
| ---------------------------------------- | --- | ---------------------- |
| LAKESHA WALKER,                          | )   |                        |
|                                          | )   |                        |
|      Plaintiff, | )   | No. 07 C 6146          |
|   v.                           | )   |                        |
|                                          | )   | Judge Guzman           |
| CITY OF CHICAGO, ILLINOIS                | )   |                        |
| and CHICAGO POLICE OFFICER               | )   | Magistrate Judge Cole  |
| B.M. USTASZEWSKI, Star No.               | )   |                        |
| 9613, and CHICAGO POLICE                 | )   |                        |
| OFFICER J.C. CLOHERTY,                   | )   | JURY DEMANDED          |
| Star No. 7468,                           | )   |                        |
|      Defendants.| )   |                        |

**NOTICE OF FILING**

TO:    Jeffery Brooks Granich             Tiffany Yvette Harris
         53 West Jackson Boulevard, Suite 840     30 North LaSalle Street, Suite 1400
         Chicago, Illinois 60604              Chicago, Illinois 60602
         (312) 939-9009                    (312) 744-5890

      **PLEASE TAKE NOTICE** that I have filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint**, a copy of which are hereby served upon you.

      **DATED** at Chicago, Illinois on this 13th day of February, 2008.

                                     Respectfully submitted,
                                     MARA S. GEORGES
                                     Corporation Counsel of the
                                     City of Chicago

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020       By:     *s/ Robert C. Rutherford, Jr.*
Chicago, Illinois 60602                   ROBERT C. RUTHERFORD, Jr.
(312) 742-7036                         Assistant Corporation Counsel

## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAKESHA WALKER, | ) | |
| | ) | No. 07 C 6146 |
| Plaintiff, | ) | |
| v. | ) | Judge Ronald Guzman |
| | ) | |
| CITY OF CHICAGO, ILLINOIS | ) | Magistrate Judge Cole |
| and CHICAGO POLICE OFFICER | ) | |
| B.M. USTASZEWSKI, Star No. 9613, | ) | |
| and CHICAGO POLICE OFFICER | ) | |
| J.C. CLOHERTY, Star No. 7468 | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
### AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago (the "City"), by and through its attorney, Mara S. Georges,

Corporation Counsel of the City, answers plaintiff's complaint as follows:

### JURISDICTION and VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
under color of law of Plaintiff'S rights as secured by the United States Constitution.

**ANSWER:      The City admits that plaintiff purports to bring this action pursuant to 42**

**U.S.C. § 1983 to redress the alleged deprivation under color of law of plaintiff's rights as**

**secured by the United States Constitution.  The City denies the allegations to the extent that**

**they pertain to the City.  The City is without knowledge or information sufficient to form a**

**belief as to the truth of the remaining allegations in this paragraph.**

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and
1367.

**ANSWER:     The City admits that jurisdiction is proper in this Court.  The City is without**

**knowledge or information sufficient to form a belief as to the truth of the remaining**

**allegations in this paragraph.**


3.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to**

**the truth of the allegation that plaintiff resides in this judicial district.  The City admits the**

**remaining allegations in this paragraph.**

## PARTIES

4.      At all times relevant hereto, Plaintiff Lakesha Walker was an adult, African-American female resident of Chicago, Illinois.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to**

**the truth of the allegations in this paragraph.**


5.      Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under color of law.

**ANSWER:     The City admits that the defendant Chicago Police Officers were at all times**

**relevant to the complaint, employees of the Chicago Police Department.  The City is**

**without knowledge or information sufficient to form a belief as to the truth of the**

**remaining allegations in this paragraph.**


6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:    The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer of the defendant Chicago Police Officers.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

## FACTUAL ALLEGATIONS

7.    On or about the evening of October 31, 2006, Plaintiff was lawfully operating her vehicle near the address of 1205 N. Mason Ave. in Chicago, Cook County, Illinois.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

8.    For some time before she stopped her vehicle near this address, Defendant Officers had been following her vehicle in a very close manner in their police vehicle.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9.    At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:    The City denies the allegations in this paragraph.**

10.    Plaintiff stopped her vehicle due to the police vehicle following behind her for some length of time.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

-4-

11.     At this time one or more of the Defendant Officers asked Lakesha Walker to produce her driver's license and insurance, to which she lawfully complied.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12.     At this time, Defendant Officers did not have a search or an arrest warrant for Plaintiff, and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13.     One or more of the Defendant Officers then ordered Plaintiff to exit her vehicle and immediately threw her body against the police vehicle in an overly aggressive and violent manner.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

14.     One or more of the Defendant Officers then placed Plaintiff in handcuffs, placed her into the back of the police vehicle and transported her to the 25th District Chicago Police Station where she was falsely charged with unlawful use of a weapon  in violation of 720 ILCS 5.0/24-1.6-A-1 and 720 ILCS 5.0/24-1.6-A-3-C.

**ANSWER:     The City admits that according to Chicago Police Department documents, plaintiff was arrested and transported to the 25th District and charged with violating 720 ILCS 5.0/24-1.6-A-1 and 720 ILCS 5.0/24-1.6-A-3-C.  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.**

15.     These false charges were dismissed by a finding of not guilty at a trial on this matter before a Cook County Judge.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## Count I - 42 U.S.C. § 1983 False Arrest

16.     Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

**ANSWER:     The City restates and realleges its answers to paragraphs 1 through 15 as if stated here.**

17.     On October 31, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

18.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

19.     The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:     The City denies the allegations in this paragraph.**

20.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.   As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the

merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:     The City  lacks knowledge or information sufficient  to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  The City denies the remaining allegations in this paragraph, including all of its sub-parts.**

21.     The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper**.

**Count II - 42 U.S.C. § 1983 Unlawful Search**

22.     Plaintiff re-alleges paragraphs 1 through 15 [sic] as if fully repleaded herein.

**ANSWER:     The City restates and realleges its answers to paragraphs 1 through 21 as if stated here.**

-8-

23.     Defendant Officers searched Plaintiff's person and vehicle without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

24.     The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:     The City denies the allegations in this paragraph.**

25.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

  a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

  b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

  c.     As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.      Municipal policy-makers are aware of, and condone and facilitate by then-inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**<u>ANSWER:</u>   The City  lacks knowledge or information sufficient  to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  The City denies the remaining allegations in this paragraph, including all of its sub-parts.**

    26.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches.

-10-

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper**.

### Count III - 42 U.S.C. § 1983 Conspiracy

27.    Plaintiff re-alleges paragraph [sic] 1 through 15 as if fully repleaded herein.

**ANSWER:    The City restates and realleges its answers to paragraphs 1 through 26 as if stated here.**

28.    Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

**ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

29.    Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of her right of due process, as guaranteed by the constitution.

**ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

30.     Additionally, said conspiracy and joint action violated Plaintiff's 4th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

31.     The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:     The City denies the allegations in this paragraph.**

32.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their   actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.     As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

     d.       Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

     e.       The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

     f.       As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

     g.       As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

     h.       The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    **The City  lacks knowledge or information sufficient  to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  The City denies the remaining allegations in this paragraph, including all of its sub-parts.**

     33.    This course of conduct by Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

-13-

**ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper**.

## Count IV - Malicious Prosecution

34.     Plaintiff re-alleges paragraphs [sic] 1 through 15 as if fully repleaded herein.

**ANSWER:     The City restates and realleges its answers to paragraphs 1 through 33 as if stated here.**

35.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for unlawful use of a weapon.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

36.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

-14-

37.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

38.     On June 11, 2007 Plaintiff's case was dismissed by a Cook County Judge for a finding of not guilty.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

39.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper**.

### Count V - False Imprisonment

40.     Plaintiff re-alleges paragraphs [sic] 1 through 15 as if fully repleaded herein.

**ANSWER:     The City restates and realleges its answers to paragraphs 1 through 39 as if stated here.**

41.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:**     **The City admits the allegations in this paragraph.**

42.     On October 31, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**     **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

43.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**     **The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

44.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER:**     **The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper**.

## **Count VI - Intentional Infliction of Emotional Distress**

45.     Plaintiff re-alleges paragraphs [sic] 1 through 15 as if fully repleaded herein.

**ANSWER:     The City restates and realleges its answers to paragraphs 1 through 44 as if**

**stated here.**

46.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:     The City admits the allegations in this paragraph.**

47.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

**ANSWER:     The City denies the allegations in this paragraph to the extent that they**

**pertain to the City.  The City is without knowledge or information sufficient to form a**

**belief as to the truth of the remaining allegations in this paragraph.**

48.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to**

**the truth of the allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in**

**its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law,**

**and grant such further relief as this Court deems just and proper**.

## Count VII - State Law Claims Against Defendant City
### *Respondent Superior* and Indemnification

49.     Plaintiff re-alleges paragraphs [sic] 1 through 15 as if fully re-pleaded herein.

**ANSWER:     The City restates and realleges its answers to paragraphs 1 through 48 as if stated here.**

50.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:     The City states that the allegations in this paragraph are a vague, incomplete and/or inaccurate statement of the City's liability under Illinois law; therefore, this allegation is denied.**

51.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:     The City admits that the defendant Chicago Police Officers were at all times relevant to the complaint, employees of the Chicago Police Department.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.**

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.**

**JURY DEMAND**

Defendant City of Chicago requests trial by jury.

**AFFIRMATIVE DEFENSES**

1.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

2.      Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-1-2 (2006).

6.      As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as

"the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

7.    To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

8.    To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago


BY:       s/*Robert C. Rutherford, Jr.*
          DIANE COHEN
          ROBERT C. RUTHERFORD, Jr.
          Assistants Corporation Counsel

Employment & Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois  60602
(312) 744-2836/742-7036

-20-

## CERTIFICATE OF SERVICE

I certify that, on February 13, 2008, I caused a true and correct copy of **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint** to be served on plaintiff and the other assigned attorney by electronic filing.

Jeffery Brooks Granich
53 West Jackson Boulevard, Suite 840
Chicago, Illinois 60604
(312) 939-9009

Tiffany Yvette Harris
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-5890

*s/ Robert C. Rutherford, Jr.*
ROBERT C. RUTHERFORD, Jr.
Assistant Corporation Counsel

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036